Pennsylvania State Association of Township Supervisors et al., Petitioners *v.* Richard L. Thornburgh et al., Respondents.

362

Argued June 5, 1979, before President Judge Bow-
man and Judges Crumlish, Jr., Wilkinson, Jr., Men-
cer, Rogers, Craig and MacPhail. Judges Blatt and
DiSalle did not participate.

*Thomas L. Wenger,* with him *Wix, Wenger &
Weidner,* for petitioners.

*Robert B. Hoffman,* Deputy Attorney General,
with him *Norman J. Watkins,* Deputy Attorney Gen-
eral, and *Edward G. Biester, Jr.,* Attorney General,
for respondents.

Opinion by Judge Wilkinson, Jr., August 31, 1979:
In this case, the Pennsylvania Association of Town-
ship Supervisors and three named township super-
visors in behalf of themselves and all others similarly
situated have filed a petition for review in this Court's

original jurisdiction, naming as respondents the Governor, Treasurer, Auditor General,[1] Secretary of the Commonwealth and the county boards of elections and district attorneys as a class. The petition asserted that the Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. §401 et seq., known as the "Public Officials Ethics Law" (hereafter the Act) violated various provisions of the Pennsylvania and United States Constitutions and sought a decree declaring the Act unconstitutional, void and unenforceable. Specifically, petitioners sought to enjoin respondents from implementing or enforcing the Act, authorizing or approving payments therefor, appointing members to the Ethics Commission (Commission) created pursuant to the Act or requiring proof of filing financial disclosure statements with the Commission by candidates for township supervisor.

On March 1, 1979, this Court denied petitioners' motion for a preliminary injunction to enjoin the filing of financial statements inasmuch as the effective date of the Act as to the requirement of filing such statements by candidates had been postponed until August 1, 1979. Act of February 26, 1979, P.L.    , No. 1. Respondents then lodged preliminary objections raising questions of jurisdiction and in the nature of a demurrer. We will sustain the preliminary objections in the nature of a demurrer[2] and dismiss this action.

In *Snider v. Shapp*, 45 Pa. Commonwealth Ct. 337, 405 A.2d 602 (1979), an essentially similar case filed

---

[1] Upon stipulation of counsel, by order of President Judge BOWMAN, dated March 21, 1979, the Auditor General was dropped from this action as a party respondent.

[2] Our decision in *Snider v. Shapp, infra*, wherein this Court in a declaratory judgment action decided the merits of the constitutional claims presented makes it unnecessary for us to consider the jurisdictional questions posed in respondents' preliminary objections.

by three school directors, this Court held that the Act possessed none of the constitutional infirmities alleged by petitioners and therefore sustained respondents' preliminary objections. To those claims raised by petitioners here that the Act denies petitioners due process and equal protection of the law, infringes on petitioners' right to serve in public office, is vague and overbroad, infringes on petitioners' rights of privacy and freedom from unreasonable searches, unlawfully discriminates against married persons and provides for an unconstitutional exercise of the power of appointment we find our decision in *Snider, supra,* controlling.

The only remaining allegations raised by petitioners in this case are that the Act presents an unconstitutional delegation of legislative authority and unlawfully discriminates against elected local officials vis a vis some elected state officials because some state officials participate in the appointment of Commission members. Petitioners' challenge on these bases is broad and general. Although their petition does not identify any particular section, petitioners' attack appears aimed at Section 6 of the Act, 65 P.S. §406 and Section 7, 65 P.S. §407.

Section 6 of the Act provides for the appointment of a seven member Commission to administer the Act, four appointed by the leaders of the General Assembly and three appointed by the Governor without Senate approval. In *Snider, supra,* we held this provision did not violate Article IV, Section 8 of the Pennsylvania Constitution in permitting gubernatorial appointments without senatorial approval. We must also conclude that the Act does not unlawfully discriminate against local officials. Briefly stated, Section 7 of the Act provides, after allowing for staggered terms, that members of the Commission are to be appointed and to serve one five-year term; that

members are prohibited from engaging in partisan political activity or other Commonwealth service while in office; and that the Commission has the authority to organize and establish a staff. It is apparent from the foregoing that in Section 7 the legislature intended to and did create a fully independent Commission to administer the Act. That the members of the Commission had to be appointed by one of the co-equal branches of government appears to us obvious. It is equally clear to us that the fact that the legislature and the executive chose to share this appointive power does not make its exercise unlawful or discriminatory.

The duties of the Commission, as set forth in Section 7 of the Act authorize the Commission to establish rules and regulations to carry out the provisions of the Act, to issue advisory opinions respecting an individual's duties under the Act, to conduct investigations and to hold hearings. The contention is that this Section violates Article II, Section 1 of the Pennsylvania Constitution which vests the legislative power of the Commonwealth in the General Assembly.

The rule against nondelegation of legislative power was ably set forth by Justice ROBERTS in the majority opinion of our Supreme Court in *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 529, 211 A.2d 487, 492 (1965) where the Court stated:

> It is generally agreed that the nondelegation principle does not require that all details of administration be precisely or separately enumerated in the statute. 'While the legislature cannot delegate power to make a law, it may where necessary, confer authority and discretion in connection with the execution of the law; it may establish primary standards and impose upon others the duty to carry out the

declared legislative policy in accordance with the general provisions of the Act.' Belovsky v. Redevelopment Authority, 357 Pa. 329, 342, 54 A.2d 277, 284 (1947). . . . However, legislation must contain adequate standards which will guide and restrain the exercise of the delegated administrative functions.

Further, *Chartiers* counsels that in determining whether this rule is violated we must look to the statute's purpose, its nature and its reasonable effect.

Measured against these principles we have no doubt that the Act contains sufficient guidelines to limit the exercise of statutory power conferred upon the Commission. In enacting the Public Officials Ethics Law, the Legislature declared that ''public office is a public trust and that any effort to realize personal financial gain through public office is a violation of that trust.'' Section 1 of the Act, 65 P.S. §401. To that end the Act pertinently prohibits public officials from using confidential information obtained through or using public office for private financial gain or from entering into a contract in which he or his immediate family has a financial interest of $500 or more except through an open and public process; the offering, acceptance or solicitation of ''anything of value'' to influence votes or official action; and other areas of possible conflict as determined by the Commission in the exercise of its authority to render advisory opinions concerning individuals and their duties under the Act. *See* Section 3 of the Act, 65 P.S. §403. We are of the view that Section 3 contains as definite a description of what constitutes a conflict of interest as is reasonably possible to express. It must be remembered that the Act sets unprecedented standards of accountability for public officials, candidates and employees in this Commonwealth. Given the thousand of public officials,

candidates and employees of this Commonwealth who are subject to the Act, each with private circumstances presenting at least the potentiality of a conflict of interest with the public trust, we must conclude that the legislature provided the Commission with sufficient statutory direction and guidelines to meet the demands of the Constitution.

Accordingly, we will enter the following

ORDER

AND Now, August 31, 1979, the preliminary objections of respondents, Richard Thornburgh, Robert E. Casey, Ethel Allen and the State Ethics Commission in the nature of a demurrer are hereby sustained and the petition for review is hereby dismissed.

JUDGE MACPHAIL dissents.