Jon A. Yost, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Ethics Commission, Respondent.

Argued September 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR., Judge BLATT did not participate.

*Thomas W. Bergen,* with him *Thomas L. Wenger, Wix, Wenger & Weidner,* for petitioner.

*Sandra S. Christianson,* General Counsel, with her *Robert E. Raines,* Interim Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 22, 1981:

Jon A. Yost, solicitor for several townships of the second class, has filed a Petition for Review for himself and as representative of a class consisting of solicitors of townships of the second class, seeking injunctive and declaratory relief from provisions of the Act of October 4, 1978 (Ethics Act), P.L. 883, 65 P.S. §401 *et seq.*, particularly from the requirement of Section 4 that public employees annually file statements of financial interests. The State Ethics Commission has filed preliminary objections in the nature of a demurrer.

Mr. Yost alleges that township solicitors are not public employees subject to the Ethics Act, but independent contractors; and that township solicitors are not persons who take or recommend official action—an element of the Ethics Act's definition of public employee. We addressed and rejected these contentions in *Ballou v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981).

Mr. Yost next raises a plethora of constitutional objections to the Ethics Act. Examination of his Petition for Review discloses no attack on the Ethics Act not already addressed and rejected in the cases of *Snider v. Shapp*, 45 Pa. Commonwealth Ct. 337, 405 A.2d 602 (1979), and *Pennsylvania State Association of Township Supervisors v. Thornburgh*, 45 Pa. Commonwealth Ct. 361, 405 A.2d 614 (1979).

Mr. Yost has not raised, however, the question of whether the financial disclosure requirement of the Ethics Act unconstitutionally infringes upon the inherent and exclusive power of the Supreme Court of Pennsylvania to govern the conduct of attorneys, as we held they did in *Ballou, supra*. Therefore, while the Petition for Review in its present form states no cause of action, it is apparent that Mr. Yost, a town-

252

ship solicitor, can plead a cause for relief from the requirements of Section 4.

We therefore sustain the State Ethics Commission's preliminary objection in the nature of a demurrer, with leave to the petitioner to file an amended Petition for Review within thirty (30) days.

Judge WILLIAMS, JR., concurs in the result only.

ORDER

AND Now, this 22nd day of January, 1981, the preliminary objection of the State Ethics Commission in the nature of a demurrer is sustained with leave to the petitioner to file an amended Petition for Review within thirty (30) days.