518

Peter J. Camiel et al., Petitioners *v.* State Ethics Commission et al., Respondents.

Argued September 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Jacqueline M. Verney,* Assistant Chief Counsel, with her *Louis R. Martin,* Acting Chief Counsel, for petitioners.

*Sandra S. Christianson,* General Counsel, with her, *Robert E. Rains,* Interim Chief Counsel, for respondent, State Ethics Commission. ·

*Robert L. Knupp, Knupp and Andrews, P.C.,* with him *Richard A. Lewis,* District Attorney, for respondent, Richard A. Lewis.

OPINION BY JUDGE ROGERS, February 9, 1981:

This Petition for Review addressed to our original jurisdiction presents the question of whether the Act of October 4, 1978, P.L. 883, No. 170, Section 1, 65 P.S. §401 *et seq.* (Ethics Act), has application to Commissioners of the Pennsylvania Turnpike and to Turnpike employees. The petitioners are Peter J. Camiel and Arthur Delinko, respectively, vice-chairman and comptroller of the Turnpike Commission who sue for themselves and on behalf of other Commissioners and employees. They seek an order declaring that the Ethics Act generally and in particular the financial disclosure requirements of Section 4 are without application to them and enjoining the respondents, the State Ethics Commission and the District Attorney of Dauphin County, from enforcing the Act. The Ethics Commission has filed a preliminary objection in the nature of a demurrer, contending that petitioners are plainly subject to the Ethics Act. The District Attorney has filed preliminary objections, challenging the jurisdiction of this Court over him and in the nature of a demurrer. Since we sustain the Ethics Commission's demurrer and dismiss the Petition for Review, it is unnecessary separately to dispose of the District Attorney's objections.

I. The Turnpike Commissioners

The Ethics Act's purpose is to foster public confidence in government by forbidding or discouraging public servants from having financial interests which

conflict or appear to conflict with the public trust. Section 1 of the Ethics Act. In this vein, Section 4 of the Act requires public officials and public employees as defined in the Act to file financial disclosure statements.[1]

The petitioners contend that Turnpike Commissioners are not public officials as defined in Section 2 of the Ethics Act:

Any elected or appointed official in the Executive, Legislative or Judicial Branch of the State or any political subdivision thereof, provided that it shall not include members of advisory boards that have no authority to expend public funds other than reimbursement for personal expenses, or to otherwise exercise the power of the state or any political subdivision thereof. 'Public official' shall not include any appointed official who receives no compensation other than reimbursement for actual expenses.

The petitioners agree that Turnpike Commissioners are of the genus, public official, but contend that they are not of the species, public official as defined in the Ethics Act, because the Turnpike Commission is not in the Executive, Legislative or Judicial Branch of the State but is an instrumentality of the Commonwealth independent of any of the Branches. This thesis is wholly without merit. While it is true, as the petitioners point out, that the Commission is called an instrumentality of the Commonwealth, Section 4 of the Act of May 21, 1937, P.L. 774, *as amended*, 36 P.S. §652d, and that Section 2 of the same Act, 36 P.S. §652b, provides that Turnpike revenue bonds are not

---

[1] We are informed that the petitioners and other Commissioners and employees of the Turnpike Commission have filed sealed financial disclosure statements pending the outcome of the litigation.

debts of the Commonwealth, and that a long line of cases culminating with *Specter v. Commonwealth,* 462 Pa. 474, 341 A.2d 481 (1975), hold that the Turnpike Commission as an entity independent of the Commonwealth does not enjoy sovereign immunity, it is also true, however, that Section 2 of the Act of 1937 provides that the exercise by the Commission of the powers to create and operate a Turnpike are to be "deemed and held to be an essential governmental function of the Commonwealth". Moreover, we are concerned here not with the Commission but with its Commissioners. The Commissioners are appointed by the Governor, they take the Constitutional oath required of State officers and, indeed, they have been held to be officers of the Commonwealth under present Article VI (formerly Article XII) of the Pennsylvania Constitution. *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A.2d 354 (1956).

With respect to the petitioners' contention that the Ethics Act definition of public official does not apply because they are not officials in the Executive, Legislative or Judicial Branch of the State, the Supreme Court in *Watson v. Pennsylvania Turnpike Commission, supra,* after noting that one of the parties to that litigation urged that the Commission exercises legislative powers, and the other that its powers are executive, decided that it exercises some of each. The Commission may, therefore, in the exercise of some of its powers be within the Executive and of others in the Legislative Branch; but in all events it is within one or the other, as, therefore by necessity, must be its Commissioners. Even if there were not such clear authority contrary to the petitioners' position, we would be constrained to perceive a Turnpike Commissioner, engaged in vast public borrowing and spending, as the archetype of the public officer of whose impartiality and honesty the public should be assured by the means provided in the Ethics Act.

## II. Turnpike Commission Employees

Section 2 of the Ethics Law, 65 P.S. §402, defines a public employee in pertinent part as

> [a]ny individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a non-ministerial nature with regard to:
>
> (1) contracting or procurement;
>
> (2) administering or monitoring grants or subsidies;
>
> (3) planning or zoning;
>
> (4) inspecting, licensing, regulating or auditing any person; or
>
> (5) any other activity where the official action has an economic impact of greater than a de minimus nature on the interest of any person.

The petitioners say that Turnpike Commission employees are not public employees, that is, individuals employed by the Commonwealth, because the Turnpike Commission is not the Commonwealth. Surely a liberal construction of the Ethics Act[2] requires a holding that persons who are employees of an "instrumentality of the Commonwealth" exercising "essential governmental functions of the Commonwealth" under a Commission whose members are officers of the Commonwealth are Commonwealth employees within the meaning of the Ethics Act.

---

[2] The petitioners contend that the entire Ethics Act must be narrowly contrued because it contains penal provisions. While penal provisions of a statute must be strictly construed, other provisions should be liberally construed to effect their objectives and to promote justice. *See* 1 Pa. C.S. §1928; *Commonwealth v. Monumental Properties, Inc.*, 495 Pa. 450, 460-61, 329 A.2d 812, 817 (1974).

ORDER

AND NOW, this 9th day of February, 1981, the preliminary objections of the State Ethics Commission in the nature of a demurrer are sustained and the Petition for Review is dismissed.