Charles Forney, Jr. et al., Petitioners v. State Ethics Commission et al., Respondents.

540

Argued December 10, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR. and PALLADINO.

*William H. Markus,* with him *Robert C. Riethmuller, Markus, Riethmuller & Smith,* for petitioners.

*Sandra S. Christianson,* General Counsel, for respondent, State Ethics Commission.

OPINION BY JUDGE ROGERS, February 10, 1981:

The members of the board of the Patton-Ferguson Joint Authority, a municipal authority created pursuant to the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301 *et seq.;* the Authority's Executive Secretary; and its Solicitor have filed a Petition for Review seeking injunctive relief from the financial disclosure provisions of Section 4 of the Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. §404 (Ethics Act). Section 4 requires compensated public officials and public employees to file annual statements disclosing their sources of income and their financial interests as particularly described in Section 5 of the Act. The respon-

dent Ethics Commission has filed preliminary objections in the nature of a demurrer which are before us for disposition.

I Members of the Board of the Authority

The members of the board of the Authority say that they are not public officials, defined in Section 2 of the Ethics Act, as follows:

> [a]ny elected or appointed official in Executive, Legislature or Judicial Branch of the State or any political subdivision thereof, provided that it shall not include members of advisory boards that have no authority to expend public funds other than reimbursement for personal expense, or to otherwise exercise the power of the State or any political subdivision thereof. 'Public official' shall not include any appointed official who recieves no compensation other than reimbursement for actual expenses.

The board members make essentially the same argument as that urged on us by the Pennsylvania Turnpike Commissioners in *Camiel v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 518, 425 A.2d 60 (1981) — that because municipal authorities have been called independent State agencies they cannot be said to be within any of the Branches of State government; so that the petitioners as board members are not officials in the Executive, Legislative or Judicial Branches of the State. In *Camiel v. State Ethics Commission, supra,* we concluded that since the powers of the Turnpike Commission were of necessity, either executive or legislative, the Commissioners must also be public officials in the Executive or Legislative Branch.

In *Commonwealth ex rel. McCreary v. Major*, 343 Pa. 355, 22 A.2d 686 (1941), one question before the court was whether members of the board of a municipal authority were public officers subject to

ouster in an action in *quo warranto*. The Supreme Court wrote:

That a member of the Board of the Authority is a public officer cannot seriously be questioned. 'To constitute a public office, it is essential that certain independent public duties, a part of the sovereignty of the State, should be appointed to it by law, to be exercised by the incumbent in virtue of his election or appointment to the office thus created and defined....': Kosek v. Wilkes-Barre Twp. Sch. Dist., 110 Pa. Superior Ct. 295, 301. Thus, since the Authority is an agency of the Commonwealth (Tranter v. Allegheny Co. Authority, 316 Pa. 65, 78), and the members of the Board of the Authority, who, by virtue of their appointment, independently perform essential governmental functions, they are public officers. In defining these Authorities, it was stated, in Lighton v. Abington Twp., 336 Pa. 345: 'They are public corporations, being corporate agencies engaged in the administration of civil government. The state may modify the part performed by its agencies in government by creating other agencies, subject always to constitutional limitations.' That such Board members are public officers is further emphasized by the following provisions of section 15 of the 'Municipality Authorities Act of one thousand nine hundred and thirty-five', as amended: 'The effectuation of the authorized purposes of Authorities, created under this act, shall and will be in all respects for the benefit of the people of the Commonwealth of Pennsylvania for the increase of their commerce and prosperity and for the improvement of their health and living conditions, and *since such Authorities will be per-*

*forming essential governmental functions in effectuating such purposes,* such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used by them for such purposes, and the bonds issued by any Authority, their transfer, and the income therefrom (including any profits made on the sale thereof), shall at all times be free from taxation within the Commonwealth of Pennsylvania.' (Italics added.)

343 Pa. at 358-359, 22 A.2d at 688.[1]

In short, the paid members of municipal authorities are appointed officials of the State, required to comply with the financial disclosure provisions of the Ethics Act.

II Employees of the Authority

The term public employee is defined in Section 2 of the Ethics Act as:

[a]ny individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a non-ministerial nature with regard to:

(1) contracting or procurement;

(2) administering or monitoring grants or subsidies;

(3) planning or zoning;

(4) inspecting, licensing, regulating or auditing any person; or

(5) any other activity where the official action has an economic impact of greater than de minimus nature on the interest of any person.

---

[1] The provisions of Section 15 of the 1935 Act appear in Section 15 of the 1945 Act, 53 P.S. §318.

Nothing is more firmly established concerning municipal authorities than that they are agencies of the Commonwealth and a part of its sovereignty. *Commonwealth v. Erie Metropolitan Transit Authority*, 444 Pa. 345, 281 A.2d 882 (1971). Certainly where the subject is the applicability of the Ethics Act, which we are required to interpret liberally so that its purpose of fostering public confidence in the impartiality and honesty of public servants may be achieved, we are bound to hold that the employees of municipal authorities are "individuals employed by the Commonwealth."

III The Authority's Solicitor

The Authority's solicitor, Howard S. Auld, Esquire, has joined the suit as a petitioner. He asserts that the financial disclosure provisions of the Ethics Act as applied to him in his capacity as solicitor encroaches upon the inherent and exclusive power of the Pennsylvania Supreme Court to regulate the conduct of attorneys and offends Article V, Section 10(c) of the Pennsylvania Constitution. We agree, and will overrule the Commonwealth's preliminary objections on the authority of *Ballou v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981).

IV Other Constitutional Challenges

The petitioners also contend that the Ethics Act is unconstitutional because it deprives them of the right to serve in public office, because it imposes confiscatory penalties, because it is vague and indefinite, because it invades privacy, because it violates the petitioners' right to be free from unreasonable searches and seizures, and because it violates their right to equal protection. All of these assertions have been considered and rejected in *Snider v. Shapp*, 45 Pa. Commonwealth Ct. 337, 405 A.2d 602 (1979), and *Penn-*

*sylvania State Association of Township Supervisors v. Thornburgh*, 45 Pa. Commonwealth Ct. 361, 405 A.2d 614 (1979).

ORDER

AND Now, this 10th day of February, 1981, the preliminary objections in the nature of a demurrer to Counts I, II and III of the Petition for Review which concern the members of the board of the Authority, the employees of the Authority and asserted constitutional infirmities of the Ethics Act, are sustained and those Counts are dismissed; the State Ethics Commission's preliminary objections to Count IV, the subject of which is the applicability of the financial disclosure provisions of the Ethics Act to solicitor Auld are overruled.

CONCURRING AND DISSENTING OPINION BY JUDGE CRAIG:

Although I concur with the majority in all other respects, I respectfully dissent as to the conclusion that the authority's solicitor is not governed by the disclosure law, for the reasons stated in my dissenting opinion in *Ballou v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981).