469 A.2d 593

**I. Raymond KREMER, Appellant,**

**v.**

**STATE ETHICS COMMISSION, Appellee in No. 81-3-408.**

**I. Raymond KREMER, Appellee,**

**v.**

**STATE ETHICS COMMISSION, Appellant in No. 81-3-409.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1983.

Decided Dec. 30, 1983.

Sandra S. Christianson, Gen. Counsel, Harrisburg, for State Ethics Com'n.

I. Raymond Kremer, Philadelphia, pro se.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

■ Appellant I. Raymond Kremer, a judge of the Court of Common Pleas of Philadelphia, brought an action against Appellee, the State Ethics Commission, under the original jurisdiction of the Commonwealth Court, Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 52, effective June 27, 1978, as amended, 42 P.C.S.A. § 761. Appellant challenged the validity and applicability to judges of financial disclosure requirements contained in the Ethics Law, Act of October 4, 1978, P.L. 883, No. 170, 65 P.S. § 401 et seq. The Commonwealth Court, 56 Pa.Cmwlth. 160, 424 A.2d 968 held that the law is unconstitutional as applied to judges because such application would violate the separation of powers. Appellee appeals this holding. The Commonwealth Court rejected Appellant's contentions that the language of the law should be interpreted as not applying to judges and that the law violates the constitutional right to privacy. Appellant cross-appeals on these issues. Because there are cross-appeals, Judge Kremer, as moving party in the Commonwealth Court, is deemed Appellant here for purposes of briefing and argument, Rule of Appellate Procedure 2136.

The Ethics Law imposes certain restrictions and requirements on public employees and officials, which it defines in § 2, 65 P.S. § 402. A public employee is defined as anyone employed by the Commonwealth with responsibility for taking or recommending various types of non-ministerial action. A public official is defined as an elected or appointed executive, legislative, or judicial official of the Common-

wealth or a political subdivision. Restricted activities are set forth in § 3, 65 P.S. § 403.

Sections 4 and 5, 65 P.S. §§ 404 and 405 require public employees and candidates for office to file financial statements and detail the information that must be included therein. The required information includes occupation, interest in real estate sold or leased to the government, debts owed, sources of income, gifts and honoraria, and offices, directorships, employment and financial interest in a business. Certain information regarding members of the immediate family must also be provided.

The narrow question presented is whether the financial disclosure requirement under the Ethics Act was intended or should be interpreted as applying to judges. Because this legislation infringes upon the Constitutional power of a co-equal branch of government, the Ethics Act may not properly be applied to the judiciary.

■ Under the doctrine of separation of powers, the legislature may not exercise any power specifically entrusted to the judiciary, which is a co-equal branch of government, *Commonwealth v. Sutley,* 474 Pa. 256, 378 A.2d 780 (1977). Article 5, § 10 of the Constitution of Pennsylvania gives the Supreme Court the power to supervise the courts. It reads in relevant part as follows:

"(a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace ...

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure, and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this

Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions."

■ Legislation that infringes on this Court's authority over courts is invalid. This is illustrated by *In Re 42 Pa.C.S. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978). That case involved legislation subjecting the Supreme Court and other units of the judicial system to the Open Meeting Law, Act of July 19, 1974, P.L. 486, No. 175, 65 P.S. § 261 et seq., when adopting or recommending court rules. We held that the rule-making function is within this Court's power of supervising the judicial system and therefore is not subject to such legislative regulation as was in question in that case. In *Wajert v. State Ethics Commission*, 491 Pa. 255, 420 A.2d 439 (1980), the plaintiff was a judge of the Court of Common Pleas of Chester County. The Ethics Commission advised him, pursuant to § 3(b) of the Ethics Law, quoted *supra*, that in the event that he resigned from the court, he could not practice before the court for one year. Plaintiff brought an action for a declaratory judgment as to the applicability of the law. We held that the law was unconstitutional as applied, as we have the exclusive power to supervise the conduct of attorneys, including former judges, in the courts.

There have been previous cases dealing with the applicability of the financial disclosure provisions of the Ethics Law. On the basis of infringement on judicial power to supervise attorneys, the Commonwealth Court held these provisions unconstitutional as applied to solicitors of municipalities, *Ballou v. State Ethics Commission*, 56 Pa. Cmwlth. 240, 424 A.2d 983 (1981), aff'd on other grounds 496 Pa. 127, 436 A.2d 186 (1981), *Yost v. State Ethics Commission*, 56 Pa.Cmwlth. 250, 424 A.2d 611 (1981), and

municipal authorities, *Forney v. State Ethics Commission,* 56 Pa.Cmwlth. 539, 425 A.2d 66 (1981).

We, now, hold that the financial disclosure provisions of the Ethics Law infringe on our power to supervise courts and are, therefore, unconstitutional as applied in the instant case. Pursuant to our supervisory power, we have established a Code of Judicial Conduct applicable to judges, which rules contain detailed provisions designed to prevent conflicts of interest, financial and otherwise. Where judges are involved, these rules advance the interests that the Ethics Commission seeks to serve through application of the Ethics Law. If further refinement is required, it must be accomplished through rules promulgated by this Court and not by legislative enactment.

Because of our finding on the issue of infringement of judicial power, we need not reach the issue of invasion of privacy.

The order of the Commonwealth Court is affirmed.

LARSEN, J., joins in this majority opinion and filed a concurring opinion.

HUTCHINSON, J., filed a concurring and dissenting opinion in which NIX, J., joined.

LARSEN, Justice, concurring.

I join in the majority opinion. However, now that the matter has been judicially concluded, this Court should proceed to promulgate appropriate rules to provide for financial disclosure by members of the judiciary.

HUTCHINSON, Justice, concurring and dissenting.

I agree with the majority that Subsection 404(d) of the Act of October 4, 1978, P.L. 883, No. 170, effective January 1, 1979, 65 P.S. § 401–413, known as the "Ethics Act", is unconstitutional insofar as it purports automatically to remove from office members of the judiciary who fail to file, or falsely file, the disclosure statements required by Section

404. Articles V and VI of our Constitution provide the sole methods for removing members of the judiciary from office and those procedures cannot be interfered with any more than we of the judiciary could interfere with the prerogative of the legislature in expelling its duly elected members.

I do not see, however, how a provision requiring members of the judiciary to file statements of financial interest as otherwise prescribed in Section 404 of the Act so interferes with the judicial function as to make it unconstitutional under the doctrine of separation of powers. The majority reasons fallaciously when it assumes that everything which affects the judiciary unconstitutionally interferes with it. Members of the judiciary are both citizens and public officials. As such, they can be required to meet the obligations and perform the duties imposed uniformly upon other citizens, or uniformly upon other officials, under pain of criminal sanction, unless the imposition of that duty prevents them from carrying out the traditional function of the judiciary. *See United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). I am totally at a loss to understand how the requirement that a financial interest statement of the type set forth in Section 404 prevents any of us from carrying out our function of judging cases.

I fully understand the reluctance of judges and, indeed, of all citizens who seek or hold public office, to make these disclosures. Indeed, reasonable men may well debate the wisdom and utility of imposing such requirements on those who hold or seek public office. To the extent that it deters suitable individuals from seeking or holding public office, the requirement of financial disclosure interfers with the legislative and executive branches to the same extent that it does with the judiciary. Such an interference is not an unconstitutional violation of the separation of powers.

I would find the financial disclosure provisions of the Ethics Act binding on the judiciary to the same extent as they are binding on public officials in the other coordinate branches of government. If it is believed that the removal provisions of the statute, as applied to the judiciary, render

application to them of any part of it unconstitutional, I would, as a matter of comity between coordinate branches, adopt the disclosure provisions of Section 405 of the Act and require the judiciary to observe them, to the same extent as other public officials are required to observe them under our Article V, Section 10, power to administer and supervise the judicial system.

NIX, J., joins in this opinion.