Robert J. Phillips, Petitioner *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*David P. Brown, III, Brown and Hepburn,* for petitioner.

*Sandra S. Christianson,* General Counsel, for respondents.

OPINION BY JUDGE WILLIAMS, JR., January 11, 1984:

Robert J. Phillips (Petitioner) petitions for review of an order of the State Ethics Commission (Commission) deeming the Petitioner in his position as a Claim Settlement Agent I (CSA I) for the Department of Public Welfare to be a "public employee" pursuant to the provisions of Section 2 of the Ethics Act, Act of October 4, 1978, P.L. 883, 65 P.S. §402 and the regulations of the Commission at 51 Pa. Code §1.1.

In reviewing a Commission determination, our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or the necessary factual findings are not supported by substantial evidence. *Fusaro v. Pennsylvania Public Utility Commission,* 34 Pa. Commonwealth Ct. 14, 382 A.2d 794 (1978).

The Petitioner contends that the Commission erred in utilizing an objective test to determine if the duties and responsibilities of his position were such as to bring him within the statutory and regulatory definition of a public employee and that even if such a standard is proper, his job description does not confer upon a CSA I the degree of discretion and the proximity to the final decision making level necessary to meet the definition. He also contends that the Commission's regulations compel the conclusion that he is not a public employee because persons in specified positions which arguably have more discretion than his are generally not considered to be public employees thereunder. Finally, he contends that a prior ruling by the Commission that persons in other positions remote from the final decision making level are not public employees requires the same conclusion here.

Section 2 of the Ethics Act provides in pertinent part:

"Public Employee." Any individual employed by the Commonwealth or a subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to:

. . . .

(4) inspecting, licensing, regulating or auditing any person; or

(5) any other activity where the official action has an economic impact of greater than a de minimis nature on the interests of any person.

The Commission applied this definition to the duties and responsibilities of the Petitoner's job as set forth in the class specifications of a CSA I and his job description which were admitted into the record rather than to his actual duties as a CSA I as he represented them in his testimony. This Court has utilized such an objective test in deciding an analogous question in *Gahres v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 114, 433 A.2d 152 (1981)[1] and this approach has been accepted in federal court cases where an employee, discharged for political reasons, contends that his constitutional rights have been violated under the standard erected in *Elrod v. Burns,* 427 U.S. 347 (1976).[2] Accordingly, we find no error in the Commission's use of an objective test.

---

[1] Whether a former bureau director within the Pennsylvania Department of Commerce was excluded from coverage under Section 1002(11) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §892(11), which excludes from compensable employment the jobs of:

Individuals serving in positions which, under or pursuant to the law of this Commonwealth, are designated as . . . a major nontenured policymaking or advisory position. . . .

In *Gahres* we stated that:

discrimination against the individual is avoided if ineligibility rests upon the official designation of the position, rather than upon the specific activities or personal performance of the particular incumbent.

*Id.* at 116, 433 A.2d at 154.

[2] *See, Branti v. Finkel,* 445 U.S. 507 (1980) ; *Ness v. Marshall,* 660 F.2d 517 (3d Cir. 1981), and *Mummau v. Ranck,* 531 F. Supp. 402 (E.D. Pa. 1982), *aff'd per curiam,* 687 F.2d 9 (3d Cir. 1982).

The class specifications of a CSA I reveal that a person in that position has the power and authority to investigate the financial standing of present and past public assistance clients in order to obtain restitution and reimbursement from real property, estates, workmen's compensation, income and other sources; to analyze information on individual claims, take steps to encumber financial resources through the use of liens and other legal action and make recommendations as to the terms of settlement; to negotiate for the sale and rental of property, submit bids at judicial sales of property and recommend compromise settlements and to prepare correspondence, reports and recommendations on claims. Furthermore, the class specifications provide that this work is not normally performed in accordance with prescribed procedures, but requires discretion and judgment in conducting investigations and making recommendations and preliminary decisions. Under such circumstances, we agree with the Commission that the Petitioner, as a CSA I, is a public employee.

The Petitioner's second argument is that the Commission violated its own regulations in holding him to be a public employee. He contends that under the regulation which lists certain positions as generally not considered to be public employee positions, his position must also be excluded because it affords him less discretion in his duties than certain of those listed.[3] Specifically, he contends that police officers, detectives and welfare caseworkers are afforded and

---

[3] 51 Pa. Code §1.1 further defines "public employee" and provides that:

*Public employe—*

. . . .

(iv) Persons in the positions listed below are generally not considered public employees.

exercise more discretion than a CSA I and because the regulation generally considers the holders of such positions not to be public employees, a CSA I cannot be considered to be a public employee.

.The Ethics Act, being remedial legislation, is to be liberally construed. *See, Kremer v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 160, 424 A.2d 968 (1981). Thus coverage under the Act should be broadly, rather than narrowly, determined; conversely, exclusions under the Act should be narrowly, rather than broadly, determined. Petitioner's position, SCA I, is not .denominated in the list of positions designated by the Commission or generally not within the public employe classification. *See,* footnote 3 *supra.* In light of the liberal, expansive interpretation to be given the Act's coverage provisions and the substantial evidence supportive of the findings underpinning the Commission's conclusion that a CSA I is a public employee position, we reject Petitioner's argument.

The Petitioner's final argument is that a prior holding of the Commission precluded it from ruling him to be a public employee. To support this contention, he cites a memorandum from a member of the Commission's administrative staff advising a personnel manager in the Department of Labor and Industry that Disability Claims Adjudicators were at a level remote from the level at which a final outcome is reached and, therefore, not required to file a Statement of Financial Interests. While we note that Petitioner .does not portray this memorandum as a binding decision of the Commission, we also note that it was not made part of the record in this case; conse-

---

(A) City clerks, other clerical staff, road masters, secretaries, police officers, welfare case workers, maintenance workers, construction workers, detectives, equipment operators, and recreation directors.

quently, the Commission could not and this Court cannot consider this memorandum in reaching its decision.

Therefore, the adjudication of the Commission must be affirmed.

ORDER

AND Now, this 11th day of January, 1984, the adjudication of the State Ethics Commission, No. 82-008, dated June 18, 1982 is affirmed.