515 A.2d 83

Maunus and Thau, Petitioners *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued May 14, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Patrick M. McHugh,* for petitioners.

*John J. Contino,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 12, 1986:

Felix Thau and Eileen Maunus appeal a State Ethics Commission (Commission) order upholding its Advice of Counsel opinion[1] directing them to comply with the financial reporting and disclosure requirements of Section 4 of the State Ethics Act.[2] We reverse.

Thau, a deputy chief counsel to the Pennsylvania Liquor Control Board and Maunus, an assistant counsel to the Board, declined to file the financial statements on

---

[1] This opinion was rendered pursuant to 51 Pa. Code §2.14.

[2] Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. §404.

the basis of *Ballou v. State Ethics Commission,* 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981), *aff'd on other grounds,* 496 Pa. 127, 436 A.2d 186 (1982). The Commission, after reviewing and partially distinguishing these cases, rejected the exemption claims.

Our scope of review of a Commission decision is limited to determining whether constitutional rights have been violated, an error of law has been committed or the necessary factual findings are not supported by substantial evidence. *Phillips v. State Ethics Commission,* 79 Pa. Commonwealth Ct. 491, 470 A.2d 659 (1984).

Thau and Maunus argue that *Ballou* and *Kremer v. State Ethics Commission,* 503 Pa. 358, 469 A.2d 593 (1983), control the issue presented. In *Ballou,* this Court held that a municipal solicitor, although a public employee,[3] was not required to comply with the financial disclosure provisions because the Supreme Court has exclusive authority to regulate and control the conduct of attorneys under Article V, §10(c) of the Pennsylvania Constitution.[4] The Supreme Court adopted a similar analysis in *Kremer,* striking down the financial disclosure requirements of the Ethics Act as they ap-

---

[3] Thau and Maunus concede that they are public employees as defined in Section 2 of the Ethics Act, 65 P.S. §402.

[4] Article V, Section 10(c) provides:

> The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch. . . . All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

The Supreme Court in *Ballou* declined to address our constitutional analysis because it found that the municipal solicitor was not a public employee and therefore not subject to the financial disclosure provision.

plied to judges because disclosure infringed upon its constitutional authority to supervise the operation of the courts. Based upon *Ballou* and *Kremer,* we are constrained to conclude that Thau and Maunus, as attorneys and officers of the court, are likewise subject to the Supreme Court's exclusive regulatory authority over the legal profession and the courts.[5]

The Commission contends that, as there is no apparent inconsistency between the financial disclosure provisions of the Ethics Act and the regulations that the Supreme Court has imposed on the professional conduct of attorneys,[6] Thau and Maunus should be required to file a financial disclosure statement. We disagree.

While our reading of the respective financial disclosure provisions reveals no apparent conflict, we believe that legislative imposition of such a requirement upon officers of the court violates the doctrine of separation of powers, despite an attorney's status as a "public employee." The Supreme Court has declared that

> it has inherent and *exclusive* power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania) and in furtherance thereof *promulgates these*

---

[5] The Commission contends that *Kremer* and *Ballou* are factually distinguishable from the present case. While we recognize the differences among a municipal solicitor, as in *Ballou,* a judge, as in *Kremer,* and an attorney for a state agency, as here, we find the governing principle to apply with equal force in each instance.

[6] With respect to "disclosures," Disciplinary Rule 5-101 of the Code of Professional Responsibility provides that a lawyer shall not accept employment if his judgment may be affected by his interests, financial or otherwise "except with the consent of his client after full disclosure." Disciplinary Rule 5-107 forbids the lawyer from accepting anything of value from a person other than his client related to his representation of the client, again "except with the consent of his client after full disclosure."

*rules which shall supersede all other court rules and statutes* pertaining to disciplinary enforcement heretofore promulgated.

Code of Professional Responsibility, Rule of Disciplinary Enforcement No. 103 (emphasis added). Thus, we hold that the financial disclosure provisions of the Ethics Act are invalid as they apply to public employees performing professional legal duties.

Accordingly, we reverse the decision of the State Ethics Commission.

### ORDER

The orders of the State Ethics Commission, No. 84-020-A and No. 84-020-B dated December 27, 1984, are reversed.

Judges DOYLE and COLINS dissent.