Dale D. Akins, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Appellee.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Thomas E. Waters, Jr.,* with him *Donald J. Martin* and, of counsel, *Waters, Fleer, Cooper & Gallager,* for appellant.

*Herbert B. Barnes,* with him *David L. Kurtz,* Deputy Attorney General, *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

*Jerome H. Gerber,* with him *Handler, Gerber and Weinstock,* for Pennsylvania Building Trades Council, amicus curiae.

OPINION BY JUDGE WILKINSON, December 19, 1974:

The narrow issue presented in this case is whether the record supports the finding of the Secretary of Labor and Industry, as recommended by the hearing examiner, and as affirmed by the Pennsylvania Prevailing Wage Appeals Board, that the appellant corporation

was guilty of an intentional failure to pay prevailing wage rates. The appellant does not now contest that it failed to pay several workmen at the prevailing wage rates. It would appear that appellant has complied with that part of the Secretary's order that requires supplemental payments to individuals who received less than the required rates. The matter at issue is whether the failure to pay was intentional, thus invoking the provisions of Section 11(e) of the Pennsylvania Prevailing Wage Act, Act of August 15, 1961, P. L. 987, 43 P.S. §165-11(e), which mandates that the Secretary notify all public bodies and no contract shall be awarded to appellant until three years have elapsed from the date of the notice to the public bodies. We find that there is evidence to support the finding and there being no discretion as to the penalty provided in Section 11(e), the decision of the Pennsylvania Prevailing Wage Appeals Board is affirmed.

Appellant relies principally on the fact that there is no affirmative evidence that the owner of the corporate appellant knew that prevailing wages were not being paid to these individuals. The "blame" was placed, perhaps properly, on one job superintendent who did the hiring, set the wage rates to be paid, and did not properly or accurately report the work being done by the workmen here involved. If the Secretary had chosen to find that responsible officers or employees of appellant corporation did not have knowledge of the violations and that these actions of the job superintendent were clandestine, there would have been ample justification for so finding. The violations were not apparent on the reports that the job superintendent made. The violations, other than two of an admittedly inconsequential nature, were all on one job that was in the charge of this job superintendent. Appellant has never previously been guilty of a violation. If the Secretary had found that there was no intentional violation, the workmen would

still have received their supplemental payments, but the appellant would not have been ineligible to bid for three years.

The Secretary, as recommended by the hearing examiner, chose to find that it was intentional. There is ample evidence to support this finding. The record shows that it was common knowledge on the job that too many apprentices were being employed. Many workmen were told to give inspectors from the Prevailing Wage Division of the Department of Labor and Industry false information or to leave the job when the inspectors arrived. There were times when the prevailing wage rates were not posted appropriately. The principle owner of appellant visited the job from time to time and, under such circumstances, we cannot conclude that the Secretary was without basis for saying that the top officials of appellant, as well as other responsible employees of appellant, had the requisite knowledge to make this action intentional within the meaning of Section 11(h) (1), i.e., with a knowing disregard of the rights of workmen. Certainly it cannot be the law that corporate officials can "turn their backs" or "look the other way," thus avoiding specific knowledge and then plead the improper payments were not intentional. The very actions of being oblivious to the obvious are, in themselves, a knowing disregard of the rights of workmen which mandates the very severe penalties here involved.

Accordingly, we enter the following

## ORDER

Now, December 19, 1974, the decision of the Pennsylvania Prevailing Wage Appeals Board, dated February 20, 1974, affirming the final determination of the Secretary of Labor and Industry, dated October 15, 1973, is affirmed.