Kitson Brothers, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor & Industry, Prevailing Wage Division, Respondent.

Argued February 6, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, CRAIG and MACPHAIL. Judges ROGERS and WILLIAMS, JR. did not participate.

*R. Michael Carr,* with him *Stephen J. Springer, La-Brum & Doak,* for petitioner.

*Sandra Christianson,* with her *Neil Hirsch,* Assistant Attorneys General and *Charles S. Solit,* General Counsel, for respondent.

OPINION BY JUDGE MENCER, May 9, 1980:

Kitson Brothers, Inc. (petitioner) appeals from an order of the Pennsylvania Prevailing Wage Appeals Board (Board) which affirmed the decision of the Secretary of Labor and Industry that petitioner had intentionally violated Section 5 of the Pennsylvania Prevailing Wage Act (Act), Act of August 15, 1961, P.L. 987, 43 P.S. §165-5. We reverse.

Petitioner was awarded a contract by the Department of Property and Supplies to replace the roof on Cell Block C at Graterford State Correctional Institution. The work consisted primarily of replacing the old 4-ply felt and coal tar pitch roof with a new asphalt covering. During the performance of the contract, petitioner was investigated by an inspector from

the Department of Labor and Industry's Prevailing Wage Division (Department), who concluded that petitioner had violated the Act. After the requisite hearings and appeals, the Board concurred and this appeal followed.

Section 5 of the Act requires that the prevailing minimum wage "shall be paid to all workmen employed on *public work.*" (Emphasis added.) "Public work" is defined in Section 2(5) of the Act, 43 P.S. §165-2(5), as the

> construction, reconstruction, demolition, alteration and/or *repair work other than maintenance work,* done under contract and paid for in whole or in part out of the funds of a public body where the estimated cost of the total project is in excess of twenty-five thousand dollars ($25,000), but shall not include work performed under a rehabilitation or manpower training program. (Emphasis added.)

Section 2(3) of the Act defines "maintenance work" as "the repair of existing facilities when *the size, type or extent of such facilities is not thereby changed or increased.*" (Emphasis added.) Petitioner contends that its contract constituted maintenance work and therefore it was not subject to the Act. The Department, on the other hand, argues that the reroofing contract amounted to repair work other than maintenance work and thus petitioner was obligated to pay the prevailing wage.

Applying the cited definitions to the facts, we are convinced that petitioner performed maintenance work at Cell Block C rather than repair work. We simply do not comprehend how the replacement of a roof changes or increases the size, type or extent of the cell block. Indeed, the only difference effected in Cell Block C by petitioner's work was, presumably, a dryer environment for the inmates. Such a qualitative

change, however, is insufficient to bring the contract within the meaning of "public work" in Section 2(5) and thus within the ambit of the Act.

Accordingly, we enter the following

ORDER

AND Now, this 9th day of May, 1980, the order of the Pennsylvania Prevailing Wage Appeals Board, dated November 9, 1978, is reversed.

President Judge BOWMAN did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE CRAIG:

I respectfully dissent on the basis that a "reroofing contract", as the majority opinion correctly characterizes it, is repair work, subject to prevailing wage, and not just maintenance.

Under the statutory definition of "maintenance", the "existing facilit[y]" may properly be considered to be the roof, not the cellblock, and replacing a felt-and-pitch roof with asphalt is a change of "type", and hence is not maintenance, but repair.