Kulzer Roofing, Inc. and Roofing and Sheet Metal Contractors Association, Petitioners *v.* Commonwealth of Pennsylvania, Department of Labor and Industry and The Bristol Township School District, Respondents.

Argued June 8, 1982, before President Judge
CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and
MACPHAIL.

*David C. Toomey*, with him *John B. Nason, III,* and *Richard L. Thurston, Duane, Morris & Heckscher,* for petitioners.

*Richard L. Cole, Jr.,* Chief Counsel, for respondent, Pennsylvania Department of Labor and Industry.

*Richard R. Riese*, with him *Robert H. Shoop, Jr.,* and *Richard I. Thomas, Thorp, Reed & Armstrong,* for Amicus Curiae, Roofing Contractors Association of Western Pennsylvania, Inc.

*Richard B. Sigmond*, with him *Bernard N. Katz, Meranze, Katz, Spear & Wilderman,* for Amici Curiae, Pennsylvania Building and Construction Trades Council, AFL-CIO, Building and Construction Trades Council of Philadelphia and Vicinity, AFL-CIO, and United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, Local No. 30, AFL-CIO, in Support of Petitioners.

*F. Warren Jacoby, Jacoby, Donner & Jacoby,* for Amici Curiae, General Building Contractors Association, Inc., Mechanical Contractors Association of Eastern Pennsylvania, Inc., Mechanical Contractors Association of Western Pennsylvania, Inc. and Penn-Del-Jersey Chapter National Electrical Contractors Association.

*Harry R. Harmon, Harmon & Associates,* for Amicus Curiae, Keystone Chapter, Associated Builders & Contractors, Inc.

OPINION BY JUDGE BLATT, September 10, 1982:

The petitioners[1] seek review of a decision of the Department of Labor and Industry (Department)

---

[1] Kulzer Roofing, Inc. and the Roofing and Sheet Metal Contractors Association.

which determined that the minimum wage requirements of the Pennsylvania Prevailing Wage Act (Act), Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §§165-1—165-17, did not apply to the reroofing projects here concerned.

The Bristol Township School District invited bids on a project to reroof eight of its buildings and sought a determination from the Secretary of Labor and Industry as to the prevailing minimum wage for workmen employed on the project. Sections 5 and 7 of the Act, 43 P.S. §§165-5 and 165-7. The Secretary held that this Court's decision in *Kitson Brothers, Inc. v. Department of Labor & Industry,* 51 Pa. Commonwealth Ct. 320, 414 A.2d 179 (1980), controlled and that the reroofing here involved did not fall within the definition of "public work" contained in Section 2(5) of the Act, 43 P.S. §165-2(5). He, therefore, ruled that the project was not subject to the provisions of the Act. The petitioners' subsequent appeal to the Prevailing Wage Appeals Board was denied and the instant petition for review was then filed.

In *Kitson Brothers,* a contract was awarded to replace the roof on a cell block at Graterford State Correctional Institute and during the performance of the contract the Department cited the contractor for violation of Section 5 of the Act which required prevailing minimum wages to be paid on all public work. This Court noted that "public work" was defined as "construction, reconstruction, demolition, alteration and/or repair work other than maintenance work . . ." in which the estimated cost of the project exceeded $25,000, Section 2(5) of the Act, 43 P.S. §165-2(5), and that "maintenance work" was defined in Section 2(3) of the Act, 43 P.S. §165-2(3), as "the repair of existing facilities when the size, type or extent of such facilities is not thereby changed or increased." We determined that the word "facilities" in the definition

of "maintenance work" referred to the entire cell block and that inasmuch as replacement of the roof did not change or increase the "size, type or extent" of the cell block, the reroofing project was maintenance work and not covered by the Act. Judge CRAIG filed a dissenting opinion contending that the word "facilities" referred to the component parts of the cell block and that the roof which was replaced was a facility which had undergone a change in type and was therefore a public work.

The petitioners contend that *Kitson Brothers* incorrectly included reroofing projects with the definition of "maintenance work" and that we should reconsider that decision and find here that the term "facilities" in the definition of "maintenance work" refers not to the entire building but to the component parts of the building, including the roof, the repair of which would, therefore, be public work. Upon review of that case and the pertinent rules of statutory construction, we must agree that our prior interpretation of the language of the Act in this respect did not reflect the General Assembly's intentions.

It is axiomatic that we may not disregard those words or phrases in a statute which are clear and free from doubt, Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921, but where, as here, the words of a statute are ambiguous, the terms must be interpreted to effectuate the intentions of the General Assembly by taking into account such considerations as the necessity for and the circumstances surrounding the enactment of the statute, the evil which it sought to remedy and the object which was to be attained. Sections 1921(a) and (c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1921(a) and (c). Moreover, the terms of a statute must be liberally construed in order to effect its pur-

poses. Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(c).

The purpose of the Act here concerned was to protect workmen employed on public projects from substandard pay by ensuring that they receive the prevailing minimum wage. *Pennsylvania Prevailing Wage Appeals Board v. Steve Black, Inc.*, 27 Pa. Commonwealth Ct. 21, 365 A.2d 685 (1976). And now, upon further consideration, we do not believe that our decision in *Kitson Brothers* was consistent with the legislative intent or objectives of the Act.

As already noted, our previous determination that reroofing work was not public work centered upon the conclusion that the word "facilities" in the definition of "maintenance work" referred to a change in the size, type or extent of the entire building not just its components. The word "facilities", however, was not defined in the Act and we must therefore give it its common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a). Webster's Third International Dictionary 812-13 (1966) defines "facility" as "something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end." This definition clearly demonstrates that the word "facility" not only refers to an entire structure (a hospital) but also to its component parts (machinery or plumbing) and we believe, to its roof.

Moreover, other rules of statutory construction support this conclusion. The Act defined public work to include repair work, 43 P.S. §165-2(5), but created a subset within the general concept of repair work which was not to be considered public work. That subset was maintenance work. Our decision in *Kitson Brothers,* if extended, would hold that repairs to any part of a building which did not change the type or

size of the building would be maintenance work. Under such a holding, however, it is difficult for us to envision any repair, as that word is popularly recognized, which would change the size or type of a building and all repair work would therefore be included within the term "maintenance work." Such a result is unacceptable. Sections 1921(a), 1922(2) and 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1921(a), 1922(2) and 1933, require that a statute be construed so as to give meaning to all of its terms, and, if we were to apply *Kitson Brothers,* the term "repair work" in the Act would be effectively rendered surplusage. Our decision today, however, would avoid such a result. If the word "facility" is interpreted to refer to the component parts of a building, then "maintenance work" would occur when a facility, *i.e.* a roof was partially overhauled or patched, but when that roof was replaced in such a manner as to effect a change in its size or type, the project would be repair work.

We must now hold that a reroofing project which changes or increases the size, type or extent of the roof is repair work. It is therefore a public work subject to the prevailing minimum wage provisions of the Act and we must overrule our decision in *Kitson Brothers.*

The order of the Prevailing Wage Appeals Board upholding the decision of the Secretary of Labor and Industry must consequently be reversed.[2]

---

[2] No hearing was conducted in this case and consequently no findings were made below by which we can determine whether or not the reroofing project here concerned would have effected a change in the size or type of the existing roofs. We do not believe, however, that a remand for such findings is necessary.

The instant petition for review was filed on June 2, 1981 and a preliminary injunction was requested seeking to enjoin the School District from entertaining bids or awarding a contract for the proj-

ORDER

AND Now, this 10th day of September, 1982, the order of the Prevailing Wage Appeals Board in the above-captioned matter is reversed.

Judge MACPHAIL dissents.

---

ect during the pendency of this appeal. A hearing was held at which the School District presented evidence that enjoining the reroofing project would cause irreparable damage to the school buildings and the students, and the request for the injunction was denied by order of this Court entered on June 22, 1981.

Based on the record before us, we must assume that the contract for this work has been awarded and, presumably, completed. We can therefore see no reason for remanding this case to the Secretary of Labor and Industry for further proceedings.

Inasmuch as our holding in this case is contrary to prior case law, and in order to ensure that parties who have entered into contracts in reliance thereon will not be prejudiced, we believe that this holding should only be applied prospectively. *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977); *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981). We therefore declare that this holding is applicable only to requests to the Secretary of Labor and Industry for prevailing minimum wage determinations which are filed on or after the date of this opinion and order.