634 A.2d 734

**John T. DUFFY and Carolyn J. Duffy, Petitioners,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, PREVAILING WAGE DIVISION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Nov. 23, 1993.

Anthony Carrozza, III, for petitioners.
Richard C. Lengler, Asst. Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

John and Carol Duffy (Duffys) appeal an order of the Department of Labor and Industry, Prevailing Wage Appeals Board (Board) which affirmed the decision of the Secretary of Labor and Industry (Secretary) finding that the Duffys had committed an intentional violation of the Prevailing Wage Act (PWA)[1] and debarring the Duffys from public work projects for three years.

The Duffys operate a construction company known as Pro-Con which is a Pennsylvania corporation. John Duffy is the manager of ProCon, and Carolyn Duffy is its sole officer, shareholder and director. In 1985, ProCon was awarded a contract for the Marcus Hook School project by the Chichester School District. The specifications for the project included predetermined minimum wage rates issued by the Prevailing Wage Division of the Department of Labor and Industry (Division).

Following complaints from workers that they were being underpaid, the Division audited the project's records. On December 23, 1987, an order to show cause was issued against the Duffys and ProCon alleging a violation of the PWA, namely, the intentional failure to pay prevailing wages to employees performing work on the project. The Duffys filed a timely answer denying that the underpayment of wages was intentional and asserting that any failure to pay the accurate prevailing wage was the result of inadvertence or negligence on the part of ProCon.

Following hearings, the Secretary found that the violation of the PWA was intentional. Therefore, the Secretary debarred ProCon and the Duffys individually from public work projects for three years. The Duffys appealed to the Board which affirmed.

1. Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §§ 165–1 to 165–17.

On appeal to this court, two issues are presented: (1) whether substantial evidence exists to support the Secretary's finding that the underpayment of wages by ProCon was intentional; and (2) whether the Secretary erred in concluding that the Duffys may be held individually liable for the violations of the PWA and, therefore, may be individually debarred from public work projects.[2]

## I. *Substantial Evidence*

█ With respect to the first issue, the Duffys admit that various employees were underpaid[3] but contend that the failure to pay the required rates was unintentional. We disagree.

Under Section 165–11(h)(1) of the PWA, the following constitutes an intentional failure to pay the prevailing wage rate:

Any acts of omission or commission done willfully or with a knowing disregard of the rights of workmen resulting in the payment of less than the prevailing wage rates.

43 P.S. § 165–11(h)(1).

At a hearing before the hearing examiner, both John and Carol Duffy testified that they were aware at the outset that the Marcus Hooks project was a prevailing wage job. Notes of Testimony of Hearing dated August 26, 1988 at 270, 290–291. John further testified that ProCon had prior experience with public work projects where prevailing wages were required to be paid. N.T. at 271.

With respect to Carol Duffy, we note that as ProCon's sole owner, shareholder and director, she certified to the Chichester School District on a weekly basis that all of ProCon's employees were paid in full and that ProCon had complied with the PWA and its regulations. N.T. at 254, Exhibit P–3.

---

**2.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence of record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** The Duffys acknowledge in their brief that workers were underpaid $56,038.38. Brief of Petitioners at 4. However, the Secretary calculated the total underpayment to be $81,354.46.

However, Carol Duffy admitted that she made no effort to verify that the workmen were actually receiving the prevailing wages. N.T. at 286.

This court has previously held that corporate officers cannot "turn their backs" or "look the other way," to avoid specific knowledge of failure to pay prevailing wage rates, and then plead that the failure was unintentional. *Dale D. Akins, Inc. v. Department of Labor and Industry,* 16 Pa.Commonwealth Ct. 191, 329 A.2d 869 (1974). The very act of being oblivious to the obvious is, in and of itself, a knowing disregard to the rights of workmen. *Leonard S. Fiore, Inc. v. Department of Labor and Industry, Prevailing Wage Appeals Board,* 129 Pa.Commonwealth Ct. 583, 566 A.2d 632 (1989), *rev'd on other grounds,* 526 Pa. 282, 585 A.2d 994 (1991).

With respect to John Duffy, we note that he specifically testified that he developed an arrangement with the workers whereby the workers would receive a certain hourly rate on their payroll checks and a "cash supplement" from which no payroll taxes were withheld. N.T. at 299. He further testified that by combining the "cash supplement" with the payroll checks, the workers received approximately the same net pay which they would have received under the prevailing wage rates. N.T. at 319.

In addition, John Duffy testified that he classified the workers based upon their prior experience, not the work actually performed on the project. N.T. at 333. However, Duffy admitted that certain employees, whom he knew to be carpenters and in fact performed carpentry work, were paid at the general laborer rate. N.T. at 341–342. Moreover, two workers whom Duffy classified as general laborers testified that they were instructed to remove their tool belts and pick up brooms when a Division inspector was present at the project site. N.T. at 189, 215.

Upon review of the testimony presented in this matter, we conclude that substantial evidence exists to establish that the Duffys willfully committed acts of omission and commission which were in knowing disregard of the rights of their work-

men and which resulted in the payment of less than the prevailing wage rates. Accordingly, we conclude that substantial evidence of record exists to support the Secretary's finding that the Duffys' violation of the PWA was intentional.

## II. *Individual Liability*

█ The Duffys contend that they cannot be held individually liable for ProCon's failure to pay prevailing wages. Specifically, the Duffys assert that the penalty provisions of the PWA do not provide for individual liability of corporate agents or officers.

█ The Secretary has no discretion as to the penalty for an intentional violation of the PWA; it is statutorily defined. *Department of Labor and Industry, Prevailing Wage Appeals Board v. Steve Black, Inc.*, 27 Pa.Commonwealth Ct. 21, 365 A.2d 685 (1976). The interpretation of a statute by the agency charged with the statute's administration is entitled to great weight and should not be disregarded unless clearly erroneous. *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 154 Pa.Commonwealth Ct. 555, 624 A.2d 270 (1993). Accordingly, we will not disturb the Secretary's interpretation of the PWA unless we find it to be clearly erroneous.

The penalty provision of the PWA for the intentional failure to pay the prevailing wage provides in pertinent part as follows:

In the event that the secretary shall determine, after notice and hearing as required by this section, that *any person or firm* has failed to pay the prevailing wages and that such failure was intentional, he shall thereupon notify all public bodies of the name or names of such persons or firms and *no contract shall be awarded to such persons or firms or to any firm, corporation or partnership in which such persons have an interest* until three years have elapsed from the date of the notice to the public bodies aforesaid.

43 P.S. § 165–11(e) (emphasis added).

The Secretary and the Board have interpreted this section to provide for individual liability, concluding that had the legislature intended to disqualify only the entity whose name

appears on the public works contract, it would have employed the phrase "contractor or subcontractor" in section 165–11(e) as it did in other provisions of the PWA.[4] We agree.

■ This interpretation is supported by the purpose of the PWA. The PWA was designed to protect workmen employed on public projects from substandard pay by ensuring that they receive the prevailing minimum wage. *Kulzer Roofing, Inc. v. Commonwealth of Pennsylvania, Department of Labor and Industry,* 68 Pa.Commonwealth Ct. 642, 450 A.2d 259 (1982). If the contractor is the only entity subject to debarment for the intentional failure to pay the prevailing minimum wage, the individuals responsible for the intentional violation would be free to bid for public projects through another entity.

This fact is particularly relevant in the present action because the Duffys have manipulated the corporate form to their advantage in the past. Prior to 1984, ProCon operated under the name of J. Duffy Construction and was owned by John Duffy. The corporation was subsequently transferred to his wife, Carolyn Duffy. At the hearing, Carolyn Duffy admitted that the transfer was made solely for the purpose of qualifying the company as a minority contractor for bidding purposes. N.T. at 282.

Moreover, we note that the Duffys operate another construction corporation, "ProCon Environmental". Therefore, if the Duffys are not individually debarred from public work projects, they will be free to bid on public projects under the name of ProCon Environmental or any other corporate entity they choose to establish. Under the Secretary's interpretation of Section 165–11(e), however, because the Duffys have been found to have intentionally failed to pay prevailing

4. *See* 43 P.S. § 165–6 (every contractor and subcontractor shall keep an accurate record showing the name, craft and the actual hourly rate of wage paid to each workman employed by him in connection with the public work); 43 P.S. § 165–9 (contractors and subcontractors performing public work for a public body subject to the provisions of this act shall post the general prevailing minimum wage rates); and 43 P.S. § 165–10 (before final payment is made by the public body, the contractor and subcontractor are required to certify in writing amounts then due and owing for unpaid wages).

wages, the Duffys or any firm, corporation or partnership in which they have an interest, will be debarred from public work projects for a period of three years.

Because we find the Secretary's interpretation of the PWA to be consistent with its purpose and public policy, we conclude that the Secretary did not err in concluding that the Duffys may be held individually liable for the intentional violations of the PWA and, therefore, may be individually debarred from public work projects.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, November 23, 1993, the order of the Department of Labor and Industry, Prevailing Wage Appeals Board in the above-captioned matter is affirmed.