**DILUCENTE CORPORATION
and Domenic Dilucente,
Petitioners**

v.

**PENNSYLVANIA PREVAILING WAGE
APPEALS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1997.
Decided April 4, 1997.

---

Edward A. Schenck, Pittsburgh, for petitioners.

Lisa A. DeLorenzo, Harrisburg, for respondent.

Before McGINLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether sufficient evidence was presented to the Pennsylvania Prevailing Wage Appeals Board (Board) for it to determine a failure to pay the predetermined prevailing minimum wages on a public project.

DiLucente Corporation and Domenic DiLucente (collective, DiLucente) appeal from the order of the Board which held DiLucente underpaid wages under the Pennsylvania Prevailing Wage Act, Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165–1–165–17(Act). We affirm.

In early 1992, pursuant to competitive bidding, Harmar Township awarded a contract for the construction of the Harmar Township Municipal Building (project) to DiLucente. The project specifications included a predetermination of the prevailing minimum wage rates issued for the job. (13a, 75a.) In August 1992, DiLucente began construction on the project.

Soon thereafter, the project engineer requested DiLucente submit certified payrolls to verify compliance with the Act. (14a.) The first set of payrolls presented by DiLucente were deemed to be incomplete due to the lack of a signature on the certification por-

tions. (15a, 21a.) These unsigned payroll certifications falsely represented that prevailing wages were being paid on the project.[1] In May 1993, the Department received a complaint that DiLucente was not paying the prevailing minimum wage and commenced an investigation of the project.

An order to show cause was filed against DiLucente asserting that DiLucente intentionally failed to pay the predetermined prevailing minimum wage rate at the project. Following a hearing, the Secretary of Labor and Industry (Secretary) issued a final decision that determined DiLucente intentionally paid its workers a total of $92,447.69 less than the predetermined minimum wage rates. The Secretary barred DiLucente from contracts for public work for a period of three years as required by Section 11(e) of the Act, 43 P.S. § 165–11(e), and notified the Attorney General to proceed to recover statutory liquidated damages for the Commonwealth under Section 11(f) of the Act, 43 P.S. § 165–11(f).

DiLucente appealed to the Board, alleging: 1) that there was insufficient evidence to establish a violation of the Act; 2) that if there did exist evidence of violation, it was unintentional; 3) that Domenic DiLucente cannot be held individually liable for contract-related liquidated damages; and 4) that there were miscalculations in the amounts of some of the underpayment. However, the Board affirmed the Secretary except as to one worker that was not determined to be a laborer and ordered the underpayment be recalculated.

1. DiLucente was also requested to provide the Department of Labor and Industry's inspector with any daily records of job classifications and hours worked by their employees. (33a.) Because DiLucente did not provide these records after several requests, the inspector was required to create daily records by contacting the workers individually to verify the jobs they performed and the hours worked.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

Before this Court,[2] DiLucente argues that the Board's findings that DiLucente violated the Act are not supported by substantial evidence[3] and if DiLucente did violate the Act, such violation was not intentional. Second, DiLucente argues that the Board erred as a matter of law in holding that Domenic DiLucente can be held individually liable for liquidated damages. Finally, DiLucente challenges the Board's classification of two workers.

### VIOLATION OF THE ACT

DiLucente first argues that no evidence demonstrates that notice was given of the specific prevailing rates established for the project and thus, there was no violation of the Act. DiLucente asserts that the only testimony elicited during the hearing in regard to his knowledge of the prevailing wage rate concerned the advertisement for bidding which stated that the project was subject to the Act but that the actual advertisement was never introduced into evidence and thus, the Board's findings are not supported by substantial evidence. We do not agree.

Larry Sieler, the project engineer retained by Harmar Township, testified, without objection, that his firm prepared the advertisement for bids, and that this notice stated that the project was subject to the Act. (12a.) Mr. Sieler also explained that he prepared the project specifications requiring the payment of the prevailing wage rates, that he included the wage rates in the specifications and that the contract for the project was awarded to DiLucente.

3. Substantial evidence in the context of administrative agency proceedings has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985). The presence of conflicting evidence in the record does not mean that substantial evidence is lacking. *Seybold v. Department of General Services,* 107 Pa.Cmwlth. 349, 528 A.2d 999 (1986). Rather, questions of credibility are matters for resolution by the Secretary of Labor and Industry. *Leonard S. Fiore, Inc. v. Department of Labor and Industry,* 129 Pa.Cmwlth. 583, 566 A.2d 632 (1989), *rev'd on other grounds,* 526 Pa. 282, 585 A.2d 994 (1991).

Thus, it appears that DiLucente is making a best evidence rule argument, not raised at the administrative hearings, and which is a technical rule of evidence not generally applicable to administrative hearings.

While this argument might be probative of the Board's determination of an intentional violation of the Act, this alleged lack of knowledge would not relieve DiLucente of the obligation to pay the prevailing wage. *See Lycoming County Nursing Home Association, Inc. v. Department of Labor and Industry,* 156 Pa.Cmwlth. 280, 627 A.2d 238 (1993); *A.R. Scalise Co. v. Pennsylvania Prevailing Wage Appeals Board,* 38 Pa. Cmwlth. 549, 393 A.2d 1306 (1978).

■ In *Lycoming County Nursing,* we held that if a project is deemed a public work, then the contractor is required to pay the prevailing wage. DiLucente has not challenged the project as not being a public work. Thus, we hold that because the project is a public work and because DiLucente did not pay the prevailing wage that DiLucente violated the Act.

■ Thus, we move to the next issue, whether the Board's finding that DiLucente intentionally violated the Act, is supported by substantial evidence. Mr. Sieler also testified that DiLucente provided two completely different sets of payroll certifications to him. (14a–15a, 21a–22a.) The first set was unsigned, but represented that all but one of the workers were laborers receiving $13.97 per hour, while John Koroly was making $17.50 per hour as a carpenter. These rates were the correct base rates for laborers and carpenters on the project to the penny. The second set of payroll certifications, received months later, were signed and represented what DiLucente actually paid the workers. This second certification did not show that the prevailing wage rate was paid.

In our opinion, the fictitious rates in the first set of payroll certifications, which correspond to the prevailing wage rates, is strong evidence of an attempt to conceal a violation of the Act. This concealment, at the very least, constitutes a knowing disregard of workers' rights to receive the prevailing wages. While false certification to payment of the prevailing wage is evidence of an intentional violation, *Duffy v. Department of Labor and Industry,* 160 Pa.Cmwlth. 140, 634 A.2d 734 and *Pennsylvania Prevailing Wage Appeals Board v. Steve Black, Inc.,* 27 Pa.Cmwlth. 21, 365 A.2d 685 (1976), DiLucente claims that because he did not sign the first set, it is not a false certification. DiLucente asserts that the unsigned payroll certification was not meant to represent the actual amounts paid to the workers but rather meant to show "what the workers were alleging they should have been paid." (DiLucente brief at 11.) It is difficult for this Court to accept this naive argument from as seasoned a contractor as DiLucente.

■ A contractor's statutory obligation to pay the prevailing wage is not contingent on ability to pay. This obligation is unconditional, 34 Pa.Code § 9.106(a), and one that arises weekly, 34 Pa.Code § 9.103(f). The contractor's right to payment is protected by the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, 8 P.S. §§ 191–202, and therefore, no justification exists for shifting the risks of doing business onto the workers.

Additional evidence of intent is present in DiLucente's attempt to make it look as if some of the workers got the prevailing wages by requiring them to sign the back side of blank checks countersigned by Domenic DiLucente's son. The result was that the money was never actually received by the workers. One worker, James Kuhn, testified that he was fired after refusing to sign such a blank check. (238a–240a.)

Lastly, DiLucente's failure to provide the inspector with records showing the name, craft and actual hourly rate paid to each employee is evidence of an intentional violation as these records are required to be kept under Section 5 of the Act, 43 P.S. § 165–5, and 34 Pa.Code § 9.109. Thus, we hold that the evidence taken as a whole, supports the Board's finding that DiLucente intentionally violated the Act.

### INDIVIDUAL LIABILITY

■ Next, Domenic DiLucente asserts that he cannot be held individually liable

because the project's contract was between the corporation and Harmar Township, and not with him as an individual.[4] DiLucente argues that *Duffy v. Department of Labor and Industry*, 160 Pa.Cmwlth. 140, 634 A.2d 734 (1993), does not control because *Duffy*, only addressed individual liability for a three-year debarment and not individual liability for statutory liquidated damages under 43 P.S. § 165–11(e). We do not agree.

Section 11(e) of the Act states:

In the event that the secretary shall determine, after notice and hearing as required by this section, that any person or firm have failed to pay the prevailing wages and that such failure was intentional, he shall thereupon notify all public bodies of the name or names of such persons or firms and no contract shall be awarded to such persons or firms or to any firm, corporation or partnership in which such persons or firms have an interest until three years have elapsed. *The secretary may in addition thereto request the Attorney General to proceed to recover the penalties for the Commonwealth of Pennsylvania which are payable under subsection (f) of this section.*

(emphasis added). We stated in *Duffy*, that:

The Secretary and the Board have interpreted this section to provide for individual liability, concluding that had the legislature intended to disqualify only the entity whose name appears on the public works contract, it would have employed the phrase "contractor or subcontractor" in section 165–11(e) as it did in other provisions of the [Act]. We agree.

*Duffy*, 634 A.2d at 737. The authority for the assessment of statutory liquidated damages is contained in 43 P.S. § 165–11(e), the same section construed in *Duffy*, to apply to

officers of corporations. It would be unreasonable to assume that *Duffy*, only intended for individual liability to extend to the three-year debarment, and not also to the liquidated damages penalties of the Act, when both penalties are referenced within the same section. Thus, we hold that the Board did not err in holding Domenic DiLucente individually liable for liquidated damages.

*CLASSIFICATIONS*

Next, DiLucente argues that the Board erred in determining that the "supervisory" exemption did not apply to John Koroly.[5] Koroly testified that he was a carpenter on the job and although he had some authority to order supplies, everything had to be authorized by Domenic DiLucente. Although the evidence indicates that Koroly was a lead worker, it does not show that he was DiLucente's agent as required by *Scalise*. Applying *Scalise*, Koroly's testimony, found credible by the Board, substantiates the fact that Koroly did not give all the work assignments and did not exercise independent judgment to see that the work was done properly. Thus, we cannot apply the "supervisory" exemption created in *Scalise*.

Finally, DiLucente challenges the Board's classification of James Kuhn as a carpenter instead of a laborer. Kuhn testified at the hearing: "[a]nd when the project went on, we was getting up to where the wood started, we all helped putting up the decking, frame, trusses." (141a.) The Board found that this testimony met the definition that Kuhn was a carpenter and thus, found that DiLucente had improperly paid him as a laborer. While we would not necessarily be persuaded by this testimony alone, it is not within our scope of review to challenge a finding made by the Board which is sup-

---

4. The Board asserts that this issue was not preserved in DiLucente's petition for review and thus, is waived. While this is true, we believe DiLucente has sufficiently challenged his individual liability and because of the gravity of this charge, we will address this issue.

5. The "supervisory" exemption invoked by DiLucente for Koroly is not expressed in the Act. Instead, this exemption was fashioned by us in *Scalise*. The Act, however, has been recognized to be a remedial statute, *Kulzer Roofing, Inc. v.*

*Department of Labor and Industry*, 68 Pa.Cmwlth. 642, 450 A.2d 259 (1982), and any exceptions to its remedial provision are to be narrowly construed. *Phillips v. State Ethics Commission*, 79 Pa.Cmwlth. 491, 470 A.2d 659 (1984). This narrow construction is evidenced in *Linde Enterprises, Inc. v. Prevailing Wage Appeals Board*, 676 A.2d 310 (Pa.Cmwlth.1996), wherein we declined to apply the "supervisory" exemption to working foremen.

ported by substantial evidence. Therefore, we hold that the Board did not err in its classification of Kuhn as a carpenter.

For the reasons set forth above, we affirm.

### ORDER

AND NOW, this 4th day of April, 1997, the order of the Pennsylvania Prevailing Wage Appeals Board in the above-captioned matter is hereby affirmed.