# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony L. Forsythe, Sr.,  :
                  Petitioner  :
                              :
            v.                :    No. 747 C.D. 2017
                              :    Submitted:  December 1, 2017
Unemployment Compensation     :
Board of Review,              :
                  Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER**                 **FILED:  February 2, 2018**

Anthony L. Forsythe, Sr., (Claimant), pro se, petitions for review of the May 5, 2017 Order of the Unemployment Compensation (UC) Board of Review (Board) affirming a UC Referee's (Referee) Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the UC Law (Law)[1] because he engaged in willful misconduct related to his work when he falsified a preventative maintenance report.  On appeal, Claimant argues that:  (1) the Board's findings are not supported by substantial competent evidence; (2) the Board erred in concluding that Claimant's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).  Section 402(e) provides that an employee is ineligible for UC benefits if "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." *Id.*

actions constituted willful misconduct; and (3) he had good cause for his actions. Discerning no error, we affirm the Board's Order.

Claimant worked for Hain Pure Protein Corporation (Employer) from October 2015 until January 16, 2017, when he was suspended pending an investigation and subsequently discharged. At the time of his discharge, Claimant was a full-time maintenance technician, the duties of which include performing preventative maintenance on Employer's machines. Claimant filed an internet claim for UC benefits, stating that he was discharged for "signing a work order that wasn't completed do [sic] to the fact that the box machines were running." (Internet Initial Claims, R. Item 2.) Employer responded that Claimant was discharged for signing off on documents indicating that he completed an inspection when, in fact, he had not and that Claimant admitted to falsifying documents. (Employer Questionnaire, R. Item 3.) The Erie UC Service Center found that Claimant was ineligible for benefits under Section 402(e) of the Law, concluding that Employer met its burden of proving that Claimant's actions constituted willful misconduct and that Claimant did not show good cause for his actions.

Claimant appealed to the Referee. In his appeal to the Referee, Claimant stated that a maintenance manager had told the maintenance crew to visually inspect the machines if they were running at the time such that regular preventative maintenance could not be performed. (Claimant's Petition for Appeal, R. Item 5.) Claimant also stated that he did a visual preventative maintenance check of a certain machine but acknowledged that "maybe [he] didn[']t verbaly [sic] write it correctly on the sheet to there [sic] specs." (*Id.*) A telephone hearing on Claimant's appeal was held before the Referee on March 16, 2017. (Notice of Hearing – Revised, R. Item 7.) Employer appeared with two witnesses: Human Resource (HR) Specialist

and Maintenance Manager.  Claimant appeared on his own behalf.  Documentary evidence was also entered into evidence.[2]

Following the hearing, the Referee made the following findings of fact:

1. The claimant was last employed as a full-time maintenance technician by [Employer] from October 2015 until January 16, 2017, at a final rate of pay of $17.50 per hour.

2. Part of a maintenance technician's responsibility is to perform preventative maintenance on certain machines including greasing, oiling and cleaning.

3. Preventative maintenance assignments are given to the technician at the beginning of the week in which they are to be performed.

4. On or about January 9, 2017, the claimant was assigned preventative maintenance of a certain machine.

5. On January 15, 2017, the claimant signed and turned in a form indicating that he performed the preventative maintenance.

6. The claimant never actually performed the preventative maintenance.

7. The employer discharged the claimant for falsifying the report.

(Referee Decision, Findings of Fact (FOF) ¶¶ 1-7.)  The Referee determined that "the record establishes that the claimant filled out a report indicating that he had completed preventative maintenance on a particular machine." (Referee Decision at 2.)  The Referee credited the testimony of HR Specialist and Maintenance Manager "that an inspection of the machine showed that the preventative maintenance was

---

[2] Pursuant to the regulations governing telephone hearings, Claimant submitted additional information to the Referee for the telephone hearing, including, among other things, two progressive discipline reports, only one of which pertains to this appeal.  (Claimant Hr'g Documents, R. Item 8.)  Employer did not submit any documents to the Referee prior to the telephone hearing.

not done." (*Id.*) The Referee determined that even if Claimant could not complete "the preventative maintenance because the machine was running," Claimant did not indicate as much on the report. (*Id.*) The Referee concluded that Claimant's actions constituted a disregard of Employer's interests, thus constituting willful misconduct. (*Id.*) Accordingly, the Referee affirmed the UC Service Center's determination and concluded that Claimant was ineligible for benefits under Section 402(e) of the Law.

Claimant appealed to the Board, asserting only that he wished to appeal the Referee's Decision and requesting an in-person hearing. (Claimant's Petition for Appeal to the Bd., R. Item 11.) Claimant did not provide any explanation of his arguments in his appeal.

The Board denied Claimant's request for a remand, noting that Claimant did not assert proper cause that would warrant a remand. (Bd. Order.) Reviewing the evidence presented during the hearing, the Board concluded that the Referee's Decision was proper under the Law. The Board noted that "while the claimant testified that he did a visual inspection of the machine, he also admitted that he did not note that on the work order and did not adequately explain why he did not do [so]." (*Id.*) Accordingly, the Board "adopt[ed] and incorporate[d] the Referee's findings and conclusions" into its Order and affirmed. (*Id.*) Claimant now petitions this Court for review of the Board's Order.[3]

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). "Substantial evidence is such relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Am. Gen. Life and Accident Ins. Co. v. Unemployment Comp. Bd. of Review*, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994). In determining whether the Board's findings are supported by substantial evidence, this Court must "view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence." *Big Mountain*

On appeal,[4] Claimant argues that some of the Board's factual findings are not supported by substantial competent evidence. Claimant challenges Finding of Fact No. 5, in which the Board found that "[C]laimant signed and turned in a form indicating that he performed the preventative maintenance." (FOF ¶ 5.) Claimant argues that there is no substantial competent evidence to support the Board's finding in that regard because Employer failed to produce the preventative maintenance report that Claimant allegedly falsified. Without that document, Claimant contends that the Employer cannot meet its burden of proof. We disagree.

Although not specifically asserted in his brief, Claimant is essentially making an argument based upon the best evidence rule. Pennsylvania Rule of Evidence 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. It is well-established that the technical rules of evidence, including the best evidence rule, are generally not applicable to administrative hearings. Section 505 of the Administrative Agency Law, 2 Pa. C.S. § 505; *DiLucente Corp. v. Pa. Prevailing Wage Appeals Bd.*, 692 A.2d 295, 298 (Pa. Cmwlth. 1997). Accordingly, Employer was not required to produce the actual report that Claimant allegedly falsified in this case.

---

*Imaging v. Unemployment Comp. Bd. of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012). The Board's findings are conclusive on appeal if the record, as a whole, contains substantial evidence to support the findings. *Mathis v. Unemployment Comp. Bd. of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). "The fact that [a claimant] may have produced witnesses who gave a different version of the events, or that [the claimant] might view the testimony differently than the Board, is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Moreover, it is well-settled that the Board is the ultimate factfinder in UC cases and is, thus, empowered to make credibility determinations and resolve conflicts in the evidence presented. *Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000).

[4] We have reordered Claimant's arguments for ease of discussion.

Moreover, the record contains independent support for the Board's finding that Claimant signed and turned in a form indicating that he performed preventative maintenance on a machine. HR Specialist testified that Claimant signed and turned in a form indicating that he performed preventative maintenance on the machine. (Hr'g Tr. at 8.) Maintenance Manager also testified that Claimant was given a form stating what needed to be completed for preventative maintenance and that Claimant turned in the form. (*Id.* at 9.) After Claimant turned in the form, Maintenance Manager testified that he did a "spot check," or inspection, of the machine to make sure the preventative maintenance work had been done correctly or even at all and determined that the machine "wasn't touched" by Claimant. (*Id.* at 9-10.) HR Specialist also explained that Claimant received a suspension document on the day of his suspension explaining the problem that was under investigation with regard to his signing and turning in the preventative maintenance form. (*Id.* at 8.) The suspension document, which Claimant, himself, signed and introduced into evidence, identified the "problem" being investigated as: "[f]alsifying documents . . . [Claimant] signed and stated that he completed PMs for box maker #1 and box maker #2 when in fact they were not done." (Claimant Hr'g Documents, Progressive Discipline Report, R. Item 8.) Because this testimony, and the suspension document submitted by Claimant, constitute "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that Claimant signed and turned in a form indicating that he performed preventative maintenance, it constitutes substantial evidence to support this finding. *Am. Gen. Life and Accident Ins. Co. v. Unemployment Comp. Bd. of Review*, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994).

Claimant also challenges Finding of Fact No. 6, in which the Board found that "[C]laimant never actually performed the preventative maintenance." (FOF ¶ 6.)

Claimant argues that Employer failed to produce any competent evidence or documentation showing Employer's protocol for performing preventative maintenance work. Claimant asserts that the evidence presented during the hearing established that maintenance mechanics are afforded discretion in completing preventative maintenance and that Claimant demonstrated that he performed a visual inspection on the machine, as was permitted. Therefore, he asserts, the evidence established that he performed some preventative maintenance on the machine and, as such, the Board's finding is not supported by substantial competent evidence.

During the hearing, Maintenance Manager explained that preventative maintenance on a machine involves changing oil and chains, greasing the bearings, checking the oil in the gears and replacing it if needed, cleaning and blowing off the machine, and generally checking "over the machine, [the] frame, [the] gears, [and the] gear box." (Hr'g Tr. at 10.) Maintenance Manager acknowledged that if a machine is running, preventative maintenance cannot be performed and that he instructed the maintenance crew in such a situation to not sign the form and to just tell him they cannot do the preventative maintenance because the machine is running. (*Id.* at 12.) Maintenance Manager testified that, upon his inspection of the machine on which Claimant stated he had done preventative maintenance, "the chains w[ere] not oiled, the bearings w[ere] not greased . . . he didn't blow -- the machine wasn't blown off, it had dirt in the box, residue and basically a bunch of dust all over it[,]" and "[y]ou could tell it wasn't touched." (*Id.* at 10.) While Claimant claims that he completed some preventative maintenance on the machine, the Board found Maintenance Manager's testimony that his inspection of the machine showed that the required preventative maintenance had not been completed to be more credible, which it was empowered to do. (Bd. Order; Hr'g Tr. at 10, 15-

7

16; Claimant's Petition for Appeal, R. Item 5); *see Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Because Maintenance Manager's testimony and Claimant's admission constitute "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that Claimant never performed preventative maintenance on the machine despite signing the form indicating that he had, there is substantial evidence to support this finding. *Am. Gen. Life*, 648 A.2d at 1248.

We next consider Claimant's argument that the Board erred, generally, in concluding that his actions constituted willful misconduct under Section 402(e) of the Law. Whether an employee's actions constitute willful misconduct is a question of law reviewable by this Court. *Reading Area Water Auth. v. Unemployment Comp. Bd. of Review*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016). Section 402(e) of the Law provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e). While the Law does not define "willful misconduct," our Court has defined it as:

> (1) a wanton or willful disregard for an employer's interests; (2) a deliberate violation of an employer's rules; (3) a disregard for standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Phila. Parking Auth. v. Unemployment Comp. Bd. of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). The falsification of an employer's records constitutes willful misconduct. *Diachenko v. Unemployment Comp. Bd. of Review*, 457 A.2d 207, 208 (Pa. Cmwlth. 1983). The employer bears the burden of proving a claimant's willful

8

misconduct. *Spirnak v. Unemployment Comp. Bd. of Review*, 557 A.2d 451, 453 (Pa. Cmwlth. 1989). Moreover, as the prevailing party below, Employer "is entitled to the benefit of all reasonable inferences drawn from the evidence." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). If an employer makes a showing of willful misconduct, the burden shifts to the claimant to establish good cause for his or her actions. *Phila. Parking Auth.*, 1 A.3d at 968. "A claimant has good cause if his or her actions are justifiable and reasonable under the circumstances." *Docherty v. Unemployment Comp. Bd. of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006).

As previously stated above, Employer established that Claimant was assigned preventative maintenance on a certain machine and that he signed and turned in a form indicating that he performed the preventative maintenance on the machine. (FOF ¶¶ 4-5; Hr'g Tr. at 8-10.) Employer also credibly established that Claimant never actually completed the preventative maintenance on the machine despite signing and turning in the form indicating that he had. (FOF ¶ 6; Hr'g Tr. at 10-11.) Claimant conceded in both his Petition for Appeal to the Referee and his testimony that he did not indicate on the form that he only visually inspected the machine. (Bd. Order; Hr'g Tr. at 15-16; Claimant's Petition for Appeal, R. Item 5.) In turn, because Claimant signed the form indicating that he completed the preventative maintenance when really he had only performed a visual inspection of the machine, it resulted in Claimant's discharge for falsification of Employer's records. (FOF ¶¶ 4-7.) Employer had a reasonable expectation that Claimant would accurately fill out the preventative maintenance form, and if he could not perform the preventative maintenance in its entirety, Claimant should have so indicated on the form or followed Maintenance Manager's directive not to sign the form for work that was

9

not completed. Thus, Employer met its burden of proving that Claimant's actions in falsifying the report constituted a disregard of Employer's interests, which constituted willful misconduct.

We also agree with the Board that Claimant has not established good cause for his actions. Claimant attempts to justify his actions by asserting that the machine was running, such that he could not complete the required preventative maintenance, and that he performed some preventative maintenance on the machine by visually inspecting it and consulting with the machine operator about how the machine was running. However, the Board found that "while . . . [C]laimant testified that he did a visual inspection of the machine, he also admitted that he did not note that on the work order and did not adequately explain why he did not do that." (Bd. Order; Hr'g Tr. at 15-16; Claimant's Petition for Appeal, R. Item 5.) Therefore, because Claimant disregarded Employer's interests by falsifying company records, and because Claimant has not established good cause for doing so, the Board did not err in finding Claimant ineligible for benefits pursuant to Section 402(e) of the Law.


Accordingly, the Board's Order is affirmed.


_____
**RENÉE COHN JUBELIRER,** Judge

10

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Anthony L. Forsythe, Sr.,       :
               Petitioner     :
                                 :
            v.               :    No. 747 C.D. 2017
                                 :
Unemployment Compensation     :
Board of Review,                :
              Respondent    :

# O R D E R

NOW, February 2, 2018, the May 5, 2017 Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge