566 So.2d 623 (1990)
STATE of Louisiana through the BOARD OF ETHICS for ELECTED OFFICIALS as the Supervisory Committee on Campaign Finance Disclosure
v.
Douglas D. "Doug" GREEN, et al.
No. 89-CC-0546.
Supreme Court of Louisiana.
April 6, 1990.
Rehearing Denied September 27, 1990.
*624 R. Gray Sexton, Baton Rouge, Maris LeBlanc McCorory, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., Charles J. Yeager, Asst. Atty. Gen., R. Gordon Kean, Jr., Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Jack M. Dampf, D'Aminco, Curet & Dampf, Baton Rouge, Adam Laurence, Emile Rolfs, III, Paul T. Gallagher, Mangham, Hardy, Rolfs & Abadie, Lafayette, for defendant-respondent.
Jerry J. Guillot, David R. Poynter, Baton Rouge, amicus curiae, for appellant, applicant, plaintiff.
Melvin G. Dakin, Baton Rouge, amicus curiae, for the Organization Common Cause/Louisiana.

ON REHEARING
LEMMON, Justice.
We granted rehearing to reconsider our earlier decision which held La.Rev.Stat. Ann. 18:1511.5 unconstitutional insofar as that statute authorizes the Supervisory Committee on Campaign Finance Disclosure to file civil proceedings in order to collect penalties for violations of the Campaign Finance Disclosure Act, La.Rev.Stat. Ann. 18:1481 et seq. 545 So.2d 1031.
On original hearing this court concluded that the Legislature could constitutionally enact a provision for legislative appointment of the members of the Board of Ethics for Elected Officials (which acts as the Supervisory Committee on Campaign Finance Disclosure), but that the Legislature violated the separation of powers provision of the Louisiana Constitution by vesting the board or commission in the executive branch, whose members are appointed by the Legislature, with the authority to exercise the exclusive executive function of enforcing the campaign finance disclosure laws by filing suit to exact punishment of those who violated that law. 545 So.2d 1031. Thus, this court struck the portion of La.Rev.Stat.Ann. 18:1511.5 which authorized the Supervisory Committee to institute civil litigation to enforce campaign finance disclosure laws.
On reconsideration we take a different approach and reach a different result. A board in the executive branch may generally perform executive functions (such as enforcing election laws) without violating La. Const. art. II, § 2's prohibition against one governmental branch's exercising power belonging to another branch. Power and its exercise is the focal issue of this case. The Board of Ethics for Elected Officials, which is part of the Department of Civil Service and is undisputedly a board in the executive branch, has the inherent power to perform executive functions, but it must be the board (and not the Legislature) which is actually exercising this power. The mere fact that the Legislature has appointed the board's members does not violate separation of power principles, as long as (1) the appointment of the members by the Legislature was constitutionally valid and (2) the appointees are not subject to such significant legislative control that the Legislature can be deemed to be performing executive functions through its control of the members of the board in the executive branch.
The first questionwhether the legislative appointment of the members of the Board was constitutionally validwas answered affirmatively by this court on original hearing.
La. Const. art. IV, § 5(H)(1) expressly confirms the Governor's power to appoint the heads of each department in the executive branch and the members of each board and commission in the executive branch whose method of appointment is not otherwise "provided by this constitution or by law". The term "provided by law", as used by the framers in the Constitution, *625 means provided by legislation. Board of Elementary & Secondary Education v. Nix, 347 So.2d 147 (La.1977). Thus, the Constitution authorized the Legislature to enact legislation providing for appointment of members of boards and commissions in the executive branch and recognized the Governor's power to make these appointments in the absence of such legislation (or of other provisions in the Constitution).
Pursuant to this constitutional authority, the Legislature enacted La.Rev. Stat.Ann. 42:1132 and provided "by law" a method of appointing the members of the Board of Ethics for Elected Officials.[1] Although the Legislature actually appoints four of the five members of the Board of Ethics for Elected Officials, a board in the executive branch, this method of appointing these inferior officers clearly does not violate La. Const. art. IV, § 5(H)'s provision which expressly allows the appointment of members of boards and commissioners in the executive branch to be provided for by legislative act.[2] Compare Morrison v. Olson, 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). Nevertheless, a scheme for legislative appointments of a majority of a board in the executive branch, while not violative of La. Const. art. IV, § 5(H), may still violate La. Const. art II, § 2's provision for separation of powers.
La. Const. art. II, § 2 prohibits a person holding office in one branch of government from exercising power belonging to another branch. One purpose of the prohibition is to ensure that the legislative branch does not interfere with the executive branch's constitutional duty under La. Const. art. IV, § 5(A) to "see that the laws are faithfully executed". In the context of this case the prohibition against the exercise of executive powers is aimed not so much against the appointee in the executive branch, but principally against the persons in the legislative branch who might act directly or through persons under legislative control. A system for legislative appointment of the Board of Ethics for Elected Officials could violate the constitutional prohibition if the system allowed the Legislature to exercise executive functions through its controlled appointees. The key focus of the constitutional determination is on the degree of control over the appointees contained in the particular statutory scheme under review.[3] See State ex rel Guste v. Legislative Budget Committee, 347 So.2d 160 (La.1977).[4]
La.Rev.Stat.Ann. 42:1132, which provides the method of appointment of the members of the Board of Ethics for Elected Officials (that comprises the Supervisory Committee on Campaign Finance Disclosure), contains significant restraints on legislative control over the actions of the Board. The members *626 of the Board are appointed for staggered six-year terms and can be removed only for cause. Legislators, employees of the Legislature, and other public servants cannot be appointed. The Board's staff members are classified civil servants. Thus, there is no continuing relationship between the Legislature and the appointees which extends the Legislature's control over the appointees in any significant degree beyond the original appointment.[5] Of course, the fact of original appointment may suggest the existence of some influence by the Legislature over the appointees, but even this possibility of control is dissipated by the spreading of the appointive powers among the Governor, the Senate and the House of Representatives.
We accordingly conclude that La.Rev. Stat.Ann. 18:1511.5 does not unconstitutionally infringe on La. Const. art. II, § 2's prohibition against the Legislature's exercising power belonging to the executive branch and does not significantly unbalance the equilibrium sought to be established by the constitutional allocation of powers among the various branches of government.
The judgment of the court of appeal declaring La.Rev.Stat.Ann. 18:1511.5 unconstitutional is reversed, and the motions for protective orders are denied. The case is remanded to the trial court for further proceedings.
MARCUS and COLE, JJ., dissent, adhering to the original opinion.
WATSON, J., dissents, believing the original opinion was correct.
NOTES
[1] By 1981 La. Acts No. 59, which amended the original Campaign Finance Disclosure Act, the Legislature "provided by law" that the members of the Board of Ethics for Elected Officials shall constitute the Supervisory Committee on Campaign Finance Disclosure.
[2] The Board is composed of one gubernatorial appointee, who must be a retired or former Louisiana justice or judge, and four legislative appointees, who must not be public servants. The four legislative appointments are divided equally between the Senate and the House of Representatives.
[3] Under earlier versions of La.Rev.Stat.Ann. 18:1511.1, the members of the Supervisory Committee on Campaign Finance Disclosure were public servants who were appointed to their public office by the Legislature and served at the pleasure of the Legislature. This scheme was held to be unconstitutional by the court of appeal in Guidry v. Roberts, 331 So.2d 44 (La. App. 1st Cir.), rev'd on other grounds, 335 So.2d 438 (La.1976).

On appeal from the intermediate court's judgment declaring the statute unconstitutional, this court did not reach the issue of the constitutionality of a system by which the public servants controlled by the Legislature performed executive functions, because this court concluded that the Supervisory Committee (which at the time was not authorized to institute civil actions) did not perform executive functions.
[4] The Guste case challenged the Governor's appointment of twenty-four of the twenty-eight members of the Legislative Budget Committee as prohibited by the separation of powers clause. This court held that the Governor's power to appoint legislators to the Committee did not constitute the power to make laws and did not so influence the law-making process as to constitute an indirect exercise of legislative powers.
[5] In this respect the present case is similar to the situation in Guste v. Legislative Budget Committee, 347 So.2d 160 (La.1977), which involved the Governor's power of appointment of a majority of the members of a committee which performed legislative functions. That decision turned on the considerations that the statute required the Governor to appoint legislators and that these public officials were not subject to significant control by the Governor after the appointment.